McKinnev, J.,
delivered the opinion of the court.
This is an original attachment issued by a justice of the peace of Hardeman county, at the instance of the plaintiff against the defendant, and returnable to the circuit court of said county. The attachment and affidavit allege, that the defendant “is justly indebted to him (the plaintiff) to the amount of four thousand dollars, for damages committed, upon his person, by shooting him down in the public road, in the village of Matamora, and other damages incident thereto.”
At the return term, the attachment was quashed, on the *543 motion of the defendant’s attorney ; and the plaintiff prosecuted an appeal in error to this court.
The general question presented for our determination is, whether an original attachment can be maintained for a cause of action arising ex delicto.
It is conceded in argument by the plaintiff’s counsel that, prior to the act of 1843, ch. 29, an attachment would not lie in such case; but it is insisted that, by that act, the attachment is given in all cases, whether the cause of action arise ex contractu, or ex delicto, and that it is given, not only as an auxiliary process in a suit previously instituted in the ordinary mode; but likewise as an original process for the commencement of a suit.
The first section of the act of 1843 provides, “that in all cases where a debtor, or a defendant in any suit or judgment, is removing or about to remove himself, or his property, beyond the limits of this State, or shall be absconding or concealing himself, or his property or effects ; it shall be lawful for the creditor, or other person entitled to sue, to obtain an attachment against the property, debts, choses in action, and effects of such debtor ; in the same manner as such process may be obtained against absconding, or non-resident debtors, under the different statutes now in force in this State ; and the same proceedings may be had as in other cases of attachment, except so far as is altered by this act.”
This statute has effected a most important change in the attachment law of 1794. The attachment by the act of 1843 has a two-fold purpose and operation: Frrst, it may be resorted to as formerly, as original process in a suit to be commenced ; and, secondly, as subsidiary process in a suit already pending.
In the former case, its use is still restricted to causes of action, in form ex contractu, where the relation, express or implied, of debtor and creditor, exists. No change of the former *544 law, in this respect has been made ; but the operation and remedial effect of the attachment, in this class of cases, has been greatly extended. By the act of 1794, the attachment was merely a mode of compelling- the appearance of the defendant, where personal service of process could not be made. And it could only be maintained where the debtor had removed, or was removing himself privately; or so absconded or concealed himself that the ordinary process of the law could not be served ; and if he appeared and replevied the property, he was only required to give special bail to the action. But, by the act of 1843, in all cases where the debtor, or the defendant in any suit or judgment, is removing, or about to remove, either himself or his property; or shall be absconding or concealing himself, or his property or effects, the creditor, or the plaintiff in any suit or judgment, as the case may be, may obtain an attachment, and before the property attached can be released, he is required to give, not special bail, but “bond and good security in double the amount of the debt, or for the forthcoming of the property attached, at the option of the defendant, conditioned that he will pay the debt, interest and costs, or the value of the property attached and interest, as the case may be, in the event he shall be cast in the suit.” Thus, the attachment is made a proceeding, not only against the person, but also against the estate of the defendant, for the purpose not merely of enforcing his appearance, but likewise for the more important purpose of creating a lien on his property, or compelling security, for the absolute satisfaction of the plaintiff’s debt or demand.
The second purpose for which the attachment may be used, under this statute, is a new feature in our attachment law. It is here given, not as an original process for the commencement of a suit, but. as before remarked, as auxiliary to a suit previously instituted in the ordinary mode; in order either to hold the property of the defendant bound, or to compel him to *545 give security, tor the satisfaction of the judgment which may be recovered in such suit. This proceeding is not confined to causes of action founded upon the actual or constructive relation of debtor or creditor; but applies to all cases where a suit may be depending for the enforcement of any claim or demand, whether for debt or damages, irrespective of the cause or form of the action, whether ex contractu or ex delicto.
It may be proper to state, that in construing the eighth section of the act in connection with the first, we think it allowable to sue out the attachment simultaneously with the commencement of the suit; otherwise the object of the law, in some instances, might be altogether defeated.
The difficulty and absurdity of requiring the. plaintiff, applying for an attachment under this law, in cases arising ex delicto, to make oath that the defendant is indebted to him in a given amount, is easily obviated. That form of oath is not necessary in such case. All that is essentially necessary, in such case, is, that it should be stated in the affidavit, and alleged in the attachment, that a suit has been commenced by the plaintiff against the defendant, the nature thereof, the tribunal in which it is depending, the amount of damages laid in the action, and that the cause of action stated, is just.
As to the question, whether a justice of the peace has jurisdiction to issue the attachment when the suit, in aid of which it is applied for, is depending in the circuit court, there can be no doubt. The latter clause of the first section of the act of 1843, declares, that the attachment may be obtained in the same manner as such process may be obtained against absconding or non-resident debtors, under the different statutes now in force in this State ; and the proviso to the seventh section declares, that nothing in said act contained shall be so construed as to prevent justices of the peace from issuing attachments as heretofore, returnable to any court where the same is cognizable. Judgment affirmed.